**BROWN, Price Adm'r, v. REGAL TYPE-WRITER CO., Inc.**

District Court, S. D. New York.

Sept. 30, 1943.

Mitchell Jelline, Chief Enforcement Atty., Office of Price Administration, of New York City, for plaintiff.

Collins & Collins, of New York City, for defendant.

HULBERT, District Judge.

Plaintiff moves for leave to reargue a motion for a temporary injunction denied by this court on September 14, 1943.

The application is predicated upon the decision of the United States Court of Appeals rendered July 22, 1943, in the case of Brown, Adm'r, etc., v. Hecht Co., App. D.C., 137 F.2d 689.

It appears in that case there had been 3,838, sales at prices in excess of the legal maximum during a period of 5 months in 7 out of 100 departments in defendant's store, and that the defendant collected at least $4,623.15 more than it was entitled to.

In the case at bar the defendant, one of the largest wholesalers of second-hand typewriters, is charged with four violations; as to two of these there is a doubtful issue and as to the other two it is claimed they were unintentional, unsubstantial and involved an alleged overcharge of $9.

Specifically the plaintiff claims, and the United States Court of Appeals, two judges to one, held, that Sec. 205(a) of the Emergency Price Control Act of 1942, 50 U.S. C.A. Appendix § 925(a), is mandatory and therefore the district judge has no discretion.

The Section involved reads as follows: "(a) Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act (Section 904 of this Appendix), he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

The words: " * * * and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order, shall be granted without bond" require the court to take one of three courses:

(1) Issue a permanent, or

(2) Temporary restraining order,

(3) Or other order.

Who could determine which, except the district judge, and under what circumstances should it be "(3) or other order."

As Judge Groner, C. J., in his dissenting opinion points out, the Senate Committee said, in its report concerning the section under consideration: "Such courts are given jurisdiction to issue whatever order to enforce compliance is proper in the circumstances of each particular case."

Judge Groner further suggested that the district judge should not have dismissed the complaint in the Hecht case but should have retained the case on the Docket with the right to the Administrator, on reasonable notice and a showing that violations of the Act had been resumed, to again apply to the court for injunctive relief.

This court did not dismiss the complaint in the instant case, but denied the motion, upon the consent of the defendant to file its answer (not yet due) forthwith, and not to oppose an application to the Senior District Judge for an early preference which, so far as the court is aware, the plaintiff has not undertaken to do.

Motion for leave to reargue denied. Settle order.